UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

HERNANDO ARCE,
    *Plaintiff,*

v.

CITY OF SAN ANTONIO,
ARRON MENDOZA, in his individual capacity,
ERIC PEREZ, in his individual capacity,
FRANK CONSTANTINO, in his individual capacity,
JOHN TRAPP, in his individual capacity,
LOGAN PRICE, in his individual capacity,
JOHN DOE 1, in his individual capacity,
JOHN DOE 2, in his individual capacity,
    *Defendants.*

Civil Case No. **5:24-cv-00755**

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Hernando Arce, by and through his attorney, hereby files this Complaint and states as follows.

### INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 arising from an unlawful arrest that occurred in San Antonio, Texas on November 15, 2023. The arrest was one that was predicated on no reasonable belief that Plaintiff, Hernando Arce had acted in any way unlawful and no particularized facts to establish probable cause. Arce was also detained and harassed on other occasions. The pattern of harassment against Arce is motivated by an unconstitutional custom or policy to prevent journalists, including Arce, from reporting on the surge of illegal migrants into the United States. Plaintiff is seeking damages against the City of

San Antonio and the Officers who harassed him for committing acts under color of law, which deprived Plaintiff of his rights secured under the Constitution and Laws of the United States.

## PARTIES

2. Plaintiff HERNANDO ARCE is an adult citizen of the State of Texas.

3. Defendant CITY OF SAN ANTONIO is a municipality organized under the laws of Texas.

4. Defendant AARON MENDOZA, badge number 9963, is an officer with the San Antonio Police Department. He was involved in the incident that occurred on November 4, 2023, as set forth below.

5. Defendant ERIC PEREZ, badge number 9928, is an officer with the San Antonio Police Department. He was involved in the incident that occurred on November 4, 2023, as set forth below.

6. Defendant FRANK CONSTANTINO is an Airport Duty Manager. He was involved in the incident that occurred on November 4, 2023, as set forth below.

7. Defendant LOGAN PRICE, badge number 9921, is an officer with the San Antonio Police Department. He was involved in the incident that occurred on November 15, 2023, as set forth below.

8. Defendant JOHN TRAPP, badge number 9953, is an officer with the San Antonio Police Department. He was involved in the incident that occurred on November 15, 2023, as set forth below.

9. Defendant JOHN DOE 1, is an officer with the San Antonio Police Department. He was involved in the incident that occurred on July 7, 2024, as set forth below.

10. Defendant JOHN DOE 2, is an officer with the San Antonio Police Department. He was involved in the incident that occurred on July 7, 2024, as set forth below.

## JURISDICTION

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343(3), and 42 U.S.C. § 1983, which confer original jurisdiction on federal district courts in suits to redress the deprivation of rights, privileges and immunities secured by the laws and Constitution of the United States. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the acts and transactions complained of occurred, and continue to occur in this District.

## FACTUAL BACKGROUND

13. Arce is an independent journalist who reports on the illegal surge of migrants entering the United States.

14. He operates a twitter account with over 25,000 followers.

15. On November 4, 2023, Arce drove to the intersection of Skyplace Blvd. and NE Entrance Road, located near the San Antonio International Airport.

16. He stood on a public street that is open to and permitted to the public.

17. His business there at that time was to cover a story related to the illegal surge of migrants entering the United States.

18. There were no fences or signs indicating that the area where Arce stood was off limits because it was not off limits. The area was open to the public and is regularly traversed by cars and pedestrians.

19. He exited his car and filmed the story as it unfolded from a distance.

20. Officers Constantino, Mendoza, and Perez arrived at the area.

21. They did not accuse Arce of any illegal activity.

22. Arce remained calm and fully cooperated with the Officers.

23. The Officers did not provide him with any written documentation.

24. They merely gave him what they called a "verbal warning" and instructed him to leave/

25. The Officers told Arce, "You can only come to the airport if you are doing official business, vacation, whatever, if you are flying out or if you need to buy something."

26. The warning was vague, as official business was not clearly defined and the geographical bounds were not clearly delineated.

27. There was no probable cause to issue the verbal warning as Arce was standing firmly on property that is open to the public, he did not violate any laws, and was engaged in filming news of public interest for the purpose of posting it on social media to report it to the public.

28. The "verbal warning" was meant to prevent Arce from covering the story.

29. It succeeded, as Arce left the public area and stopped covering the story because the police unlawfully instructed him to do so.

30. On November 15, 2023, Arce was covering the same story, this time he was at a different location from the location where he was given the "verbal warning" on November 4.

31. On November 15, he was at the San Antonio airport located at 9800 Airport Blvd, San Antonio, Texas.

32. He was standing in the departure terminal, where passengers are routinely dropped off to enter the airport.

33. It is undisputed that this is an area that is open to the public.

34. Arce stood in the permitted area to film the same ongoing story that he was covering on November 4.

35. Officers Trapp and Price approached Arce and tried to prevent him from covering the story.

36. Arce identified himself as a journalist.

37. The Officers did not accuse Arce of violating any laws.

38. The Officers were only concerned with preventing Arce from covering the story.

39. Arce was arrested, handcuffed and detained.

40. He was taken to jail where he remained for 25 hours.

41. His car was impounded and he had to pay to get it released.

42. He was told that the reason for his arrest and detention was because he violated the criminal trespass warning issued verbally on November 4.

43. This was merely a pretext to prevent him from covering the story. In reality, the November 4 "warning" was unlawful and was only issued to set the groundwork to arrest Arce if he continued to cover the story.

44. This is evidenced by the fact that Arce didn't even violate the bogus "warning" as he was at the airport on "official business" to cover the story, which was permitted even according to the bogus "warning."

45. There was no probable cause to arrest and detain Arce.

46. All charges against him were dropped on February 14, 2024.

47. On July 7, 2024, Arce was at 7000 San Pedro Ave., San Antonio, Texas.

48. He was covering the same ongoing story he covered on November 4 and November 15.

49. Arce was interviewing illegal migrants on a public sidewalk.

50. Officers John Doe 1 and John Doe 2 arrived and handcuffed and detained Arce again.

51. After being detained for nearly a half hour, Arce was released and told to leave the premises.

52. He was not accused of violating any laws.

53. No charges were brought against him.

54. There was no probable cause to detain him or arrest him.

55. He was detained to prevent him from covering the ongoing story about illegal migrants entering the United States.

56. Defendants were acting under the color of law.

57. Any reasonable officer would know that Arce is engaged in a clearly established constitutional rights and that arresting him or detaining him is a violation of those rights.

58. Arce made several public information requests to obtain body camera footage of the police interactions with him, but has been denied.

59. The repeated harassment of Arce is evidence that Defendants are enforcing an unconstitutional policy of harassment against Arce to prevent him from covering the story of illegal migrants entering the United States.

60. The policy would chill a person of ordinary firmness from covering the story.

61. Municipal liability is proper against the City of San Antonio because the Defendant Officers' actions evidence an official policy or custom that was the moving force

behind the violation of Arce's constitutional rights. Specifically, the City has an ongoing policy to prevent journalists like Arce from reporting on the illegal migrants, and that policy was the moving force behind the violation of Arce's constitutional rights.

62. Arce has suffered actual damages as a result of Defendants' conduct.

63. The policy of harassment has interfered with Arce's work.

64. Arce fears that without the Court's intervention, the unlawful and unconstitutional policy of harassment will continue and it will prevent him from reporting an important story to the American people.

## CAUSES OF ACTION

### COUNT I
### FIRST AMENDMENT PRIOR RESTRAINT
### (Against All Defendants)

65. The forgoing paragraphs are incorporated as if set forth fully herein.

66. The Defendants have enforced and continue to enforce an unlawful and unconstitutional policy that suppresses the precise freedom which the First Amendment sought to protect against abridgment.

67. As a member of the press who seeks to cover a story, Arce's activities are protected by the First Amendment.

68. The policy of arresting, detaining, and harassing Arce prevented him and continue to prevent him from exercising his First Amendment rights of free expression and freedom of the press.

### COUNT II
### FIRST AMENDMENT RETALIATION
### (Against All Defendants)

69. The forgoing paragraphs are incorporated as if set forth fully herein.

70. Arce was engaged in a constitutionally protected activity.

71. The Defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity.

72. The Defendants' adverse actions were substantially motivated against his exercise of his constitutionally protected conduct.

### COUNT III
### FIRST AMENDMENT VIEWPOINT DISCRIMINATION
### (Against All Defendants)

73. The forgoing paragraphs are incorporated as if set forth fully herein.

74. Arce has been repeatedly detained and harassed in areas that are open to the general public.

75. He has been harassed because of his viewpoint regarding illegal migrants.

### COUNT IV
### FIRST AMENDMENT
### (Against All Defendants)

76. The forgoing paragraphs are incorporated as if set forth fully herein.

77. The Defendants through their actions violated Plaintiff's First Amendment rights of Freedom of Speech and Freedom of the Press by preventing him from covering a story of public interest.

### COUNT V
### FOURTH AMENDMENT WRONGFUL ARREST
### (Against All Defendants)

78. The forgoing paragraphs are incorporated as if set forth fully herein.

79. Arce was seized.

80. His seizure was unreasonable because it lacked probable cause.

81. All charges against him were dropped.

## COUNT VI
## FOURTEENTH AMENDMENT SELECTIVE ENFORCEMENT
### (Against All Defendants)

82. The foregoing paragraphs are incorporated herein by reference.

83. The Defendants' acts were motivated by the desire to prevent the exercise of a constitutional right.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests an award of the following relief,

A. A declaratory judgment that the actions described herein constitute violations of Plaintiff's constitutional rights;

B. Appropriate injunctive relief;

C. Compensatory and actual damages in an amount deemed sufficient by the trier of fact;

D. Punitive damages in an amount deemed sufficient by the trier of fact; ;

E. An award for costs and reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988;

F. Such other relief as the Court deems necessary and just.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

**[SIGNATURE ON THE FOLLOWING PAGE]**

| | |
|---|---|
| Dated: July 8, 2024 | Respectfully submitted,<br><br>/s/ Jonathan Gross<br>Jonathan Gross<br>Texas Bar #24133833<br>2833 Smith Ave., Suite 331<br>Baltimore, MD 21209<br>(443) 813-0141<br>jonathansgross@gmail.com<br>*Attorney for Hernando Arce* |

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Hernando Arce

**DEFENDANTS**
San Antonio, Aaron Mendoza, Eric Perez, Frank Constantino, John Trapp, Logan Price, John Does 1-2

**(b)** County of Residence of First Listed Plaintiff: Bexar
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bexar
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan Gross, 2833 Smith Ave., Suite 331 Baltimore, MD 21209

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- [x] 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC 1983

Brief description of cause:
Violation of First Amendment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 7/8/2024

SIGNATURE OF ATTORNEY OF RECORD: /s/ jonathan gross

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.