IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERNANDO ARCE,<br> Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 5:24-CV-0755-OLG |
| CITY OF SAN ANTONIO, AARON MENDOZA, in his individual capacity, ERIC PEREZ, in his individual capacity, FRANK CONSTANTINO, in his individual capacity, JOHN TRAPP, in his individual capacity, LOGAN PRICE, in his individual capacity, JOHN DOE 1, in his individual capacity, JOHN DOE 2, in his individual capacity,<br> Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## DEFENDANT CITY OF SAN ANTONIO'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE ORLANDO GARCIA:

COMES NOW Defendant City of San Antonio (City, or Defendant), and answers Plaintiff's Original Complaint (the Complaint) as follows as follows:

1.      Defendant has invoked the process required by this Court for the filing of motions under Rule 12(b)(6) and cannot file such a motion until the process is completed. Defendant has filed an unopposed motion to stay or extend case deadlines until 14 days after the process has concluded. The motion remains pending, so Defendant files this Answer at this time to avoid default, but without waiving its procedural right to challenge the Complaint's failure to state claims upon which relief might be granted. Accordingly, Defendant makes this answer

subject to ruling on its unopposed motion to stay or extend, and completion of the

Court's pre-filing process regarding motions under Rule 12(b)(6).

2.      Defendant denies, and intends to deny, each and every fact and

contention in the Complaint that in any way reasonably may be inferred to suggest

it is more likely – more likely, that is, than in the absence of such fact, contention or

the inferences drawn from them – than not that Defendant is liable to Plaintiff

under any theory of recovery or that Plaintiff suffered any damages attributable to

the Defendant. To the extent that this Answer contains any admission or failure to

deny any allegation inconsistent with the Defendant's denial and intent as

expressed in this paragraph, then this paragraph prevails, and the allegation is

denied.

3.      Plaintiffs' complaint must be dismissed because it fails to state a claim

upon which relief might be granted. *See Estate of Aragon v. City of San Antonio*,

2015 WL 13793383 *1 (W.D.Tex. Jun. 3, 2015) (Preserving right to file Rule 12(b)(6)

motion after answering). Plaintiffs' complaint fails to state a claim because:

- Plaintiffs' federal claims against the City fail because Plaintiff has not
  plausibly alleged a § 1983 cause of action under the *Monell* framework.

    o   Plaintiff did not plausibly allege an unconstitutional policy that
        caused a violation of his constitutional rights. Plaintiff's
        allegations in that respect are conclusory.

    o   Plaintiff did not identify an official policy formally adopted by
        the City that allegedly violated his constitutional rights.

    o   Plaintiff identified only the incidents raised in his Complaint as
        the factual basis for the existence of the allegedly
        unconstitutional policy under the 'custom or practice' method of
        proving policy: the Complaint identifies no alleged unofficial

practice so widespread and prevalent as to assume the force of
official policy.

- o Plaintiff did not properly identify a City policymaker.

- o Plaintiff did not plausibly allege awareness of an
unconstitutional policy by the City's policymaker.

- o Plaintiff did not plausibly allege the City's policymaker was
deliberately indifferent to a known risk of serious harm that the
policymaker knew would be the obvious result of the allegedly
unconstitutional policy.

- Plaintiff's factual allegations do not support his claim for retaliatory
arrest, arrest without probable cause, harassment, viewpoint
discrimination, or selective enforcement under either the Fourteenth
or First Amendments.

- o Plaintiff's allegations admit probable cause existed for his arrest
for being in violation of a criminal trespass warning.

- o Plaintiff does not allege objective facts demonstrating that he
was arrested for an endemic, benign offense that rarely results
in arrest.

- Plaintiff does not plausibly allege that his temporary detentions were
not supported by reasonable suspicion.

- Plaintiff's factual allegations do not allege a prior restraint in that he
did not allege his speech was pre-conditioned on obtaining approval or
satisfying any administrative or judicial orders or process.

- Plaintiffs' claim for exemplary damages from the City is frivolous
because exemplary damages are unavailable against the City under
either § 1983 or state law.

4.    Plaintiffs' federal claims are without merit and therefore the Court

lacks jurisdiction under 28 U.S.C. §§ 1331 or 1343 to consider them. *See Chase v.*

*Nix,* 2016 WL 11668723 *4 (W.D.Tex. Jun. 3, 2016) (No jurisdiction in absence of

element of federal cause of action); *Menard v. Bd. of Trustees of Loyola Univ.*, 2004 WL 574727 *1-2 (E.D.La. March 22, 2004) (Same).

5.      Defendant denies the allegations in Paragraphs 4, 5, 7, 8, 12, 16, 18, 19, 20 (that all were "officers"), 22, 24, 26, 27, 28, 29 (the area was public), 32, 33 (for purposes that are not airport business), 34, 35, 36, 38, 43, 44, 45, 54, 55, 58 (that requests were denied), 59, 60, 61, 63, 66, 68, 71, 72, 74, 75, 77, 80 and 83 of the Complaint.

6.      Defendant admits the allegations in Paragraphs 2, 3, 6, 11, 15, 20 (arrived), 21, 23, 25, 29 (Plaintiff left), 30 (different location), 31, 33 (for airport business only), 39, 40 (arrested and taken to jail), 41, 42, 46, 47, 49, 52, 53, 58 (that Plaintiff made open records requests), 79, and 81 of the Complaint.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements in Paragraphs 9, 10, 13, 14, 17, 30 (what Plaintiff was doing or "covering"), 37, 40 (25 hours), 48, 50, 51, 64, and 70 of the Complaint, and the allegations in these paragraphs are considered denied. FED. R. CIV. P. 8(b)(5).

8.      The matters alleged in Paragraphs 62, 56, 57, 67  of the Complaint pertain to entitlement to or the amount of damages or Plaintiffs' legal arguments, do not require responsive pleading, and should be considered as denied or avoided. FED. R. CIV. P. 8(b)(6).

9.      Paragraphs 65, 69, 73, 76, 78 and 82 of the Complaint "incorporate" everything preceding them. These allegations should be disregarded because they

are not plausibly-pleaded. Nonetheless, the City adopts and incorporates all responsive pleadings thereto in a corresponding manner.

10.    Defendant denies the allegation in the first, second, and fourth sentences of Paragraph 1 of the Complaint, admits the "detained" allegation but denies the "harassed" allegation in the third sentence. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Plaintiff's motives in the fifth sentence.

11.    Defendant denies it is subject to exemplary damages under either 42 U.S.C. § 1983 or laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be entered that Plaintiff take nothing and that the City recover all costs, to include attorney fees reasonably incurred in defense against frivolous claims, and all other relief to which it may be entitled.

Respectfully Submitted,

_____
SHAWN FITZPATRICK
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283
(210) 408-6793
skf@fitzkoslaw.com
State Bar No. 00787474
*ATTORNEY FOR THE CITY OF SAN ANTONIO*

## CERTIFICATE OF SERVICE

I certify service of this instrument on this the 28th day of October, 2024, on all parties' counsel whose email addresses are associated with this cause in the electronic filing and notification system used by the Court in which this instrument was filed.

_____
SHAWN FITZPATRICK